Citation Nr: 1829863 
Decision Date: 09/12/18 Archive Date: 09/24/18

DOCKET NO. 13-30 910 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to an initial disability rating in excess of 20 percent for cramp fasciculation syndrome.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Ralph J. Bratch, Attorney


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

E. Ko, Associate Counsel


INTRODUCTION

The Veteran had active service from August 1963 to October 1964. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. The Board remanded the case in July 2015 for further development.

The Veteran testified at a September 2014 videoconference hearing before the undersigned. A copy of the transcript is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In its July 2015 remand, the Board instructed the VA examiner to address the nature and severity of the Veteran's service-connected cramp fasciculation syndrome, to include describing all the symptoms that the Veteran experiences as the result of her cramp fasciculation syndrome. 

The Veteran underwent VA examinations for artery and vein conditions, mental disorders, peripheral nerve conditions, and central nervous system and neuromuscular diseases in July 2016. In addition, the RO obtained addendum opinions to the VA examinations for mental disorders and peripheral nerve conditions in November and December 2016, respectively. However, none of these examinations or addendum opinions addressed the nature and severity of the Veteran's cramp fasciculation syndrome. Accordingly, the Board finds that the July 2016 VA examinations and November and December 2016 addendum opinions do not substantially comply with the July 2015 remand instructions. Hence, another remand is required. See Stegall v. West, 11 Vet. App. 268 (1998). 

With regard to the Veteran's TDIU claim, the Board finds that, as the issue of whether the Veteran is entitled to a TDIU may be affected by the outcome of her increased rating claim for cramp fasciculation syndrome, the issues are inextricably intertwined. The Veteran's TDIU claim cannot be decided until her increased rating claim has been considered. Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination, by a physician (M.D.) with the appropriate expertise, to address the nature and severity of her service-connected cramp fasciculation syndrome, to include describing all of the symptoms the Veteran experiences as a result of cramp fasciculation syndrome. Provide the examiner with the claims file, including a copy of this REMAND, for review. A complete rationale for any opinions must be provided. All indicated tests must be performed. 

2. Then, readjudicate the claim for a higher rating for cramp fasciculation syndrome and the claim for a TDIU. If any benefit sought is denied, in whole or in part, the Veteran must be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.




The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
Lesley A. Rein
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).